IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CAROL WILKERSON,                    *

    Plaintiff,                   *

vs.                                 *        CASE NO. 4:22-cv-196-CDL

KINETIC CREDIT UNION et al.,        *

    Defendants.                  *

_____

O R D E R

    This case arises from a dispute between pro se Plaintiff Carol Wilkerson and Kinetic Credit Union ("Kinetic") based on the conduct of Kinetic's employees—Sandra McKenzie, Teresa Allen, and Brian Allen.  Presently before the Court is Defendants' Motion to Dismiss (ECF No. 26).  For the following reasons, that motion is denied, but Plaintiff is ordered to file an amended complaint that states a claim and the basis for subject matter jurisdiction or this action will be dismissed.

MOTION TO DISMISS STANDARD

    "To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must include sufficient factual

allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556.  But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).  Pro se pleadings must be liberally construed; while "wildly implausible allegations in the complaint should not be taken to be true," "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir.2008).

FACTUAL ALLEGATIONS

Wilkerson alleges the following facts in support of her claims.  The Court must accept these allegations as true for purposes of the pending motion.

Wilkerson applied for and was denied a series of loans totaling $90,500 by Kinetic and its employees.  Compl. 6–8, ECF No. 1.  Each time she applied for a loan, Kinetic, through its employees, told her that her account was closed because she had failed to deposit funds into it.  *Id.*  Wilkerson also has a savings account that has been accruing interest and dividends for twenty-eight years that Kinetic will not allow her to access.  *Id.* at 6.

Wilkerson claims that Defendants "knowingly and willingly deceived [her] from" the dividends in this account in violation of her agreement with Kinetic. *Id.* at 9. She asks the Court to direct Defendants to comply with their agreement with her and pay her the $90,500 she is owed in loans. *Id.*

DISCUSSION

Defendants argue that Wilkerson's Complaint fails to even meet the more lenient pleading standard applied to pro se pleadings in federal courts. Defendants maintain that, even construing the Complaint liberally, Wilkerson's Complaint fails to state a claim. After consideration of the Complaint, the Court agrees. Even liberally construing her Complaint, Wilkerson fails to identify any legal basis or cause of action that could support a right to relief against the Defendants. She cites to the Privacy Act and the Federal Credit Union Act, but it is not clear how either statute applies. *See* 5 U.S.C. § 552a(g)(1) (providing a civil remedy for private plaintiffs against federal agencies in certain circumstances); 12 U.S.C. § 1787 (providing the framework through which creditors must pursue their claims against defunct credit unions). Further, Wilkerson fails to allege facts that would suggest Kinetic or its employees owed Wilkerson any duty or had any agreement with her. Instead, Wilkerson relies on speculative facts to ultimately conclude that she is owed interest and dividends from a twenty-eight-year-old account and that Kinetic

was obliged to provide her with $90,500 in loans. That is insufficient to state a plausible claim.

Plaintiff's vague allegations do not put Defendants on notice as to the nature of Wilkerson's claims or the legal theory upon which they are based. The Complaint fails to even identify the source of any duty or agreement that Defendants breached. The Court understands that district courts *must* generally provide pro se plaintiffs at least one opportunity to amend before dismissing a complaint with prejudice unless amending the complaint would be futile. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018) (holding that because a more carefully drafted complaint *might* have stated a viable claim, the district court abused its discretion by dismissing the case with prejudice even when the plaintiff had not indicated that he wished to amend). The Court is skeptical that a second chance here will do anything other than delay the inevitable. Nevertheless, the Court cannot conclude with certitude that a more carefully drafted complaint would fail to state a claim. Therefore, the Court gives Wilkerson one opportunity to amend her Complaint. Wilkerson shall have 21 days from the date of this Order to file an amended complaint that states a plausible claim. Failure to do so within the time authorized shall result in the dismissal of this action.

It is also unclear whether this Court has subject matter jurisdiction. Although Wilkerson references the federal Privacy

Act and the Federal Credit Union Act in her Complaint, as stated above, it is not clear how either statute applies to Wilkerson's allegations.  Further, while Wilkerson contends that this Court has diversity jurisdiction over her claims, she fails to allege the citizenship of two of the Defendants.  Accordingly, the Court is unable to ascertain whether it has federal subject matter jurisdiction.  Wilkerson's amended complaint shall include allegations demonstrating the citizenship of the parties and the basis for subject matter jurisdiction.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 26) is denied.  Wilkerson shall have 21 days from the date of this Order to file an amended complaint that states a plausible claim and the basis for subject matter jurisdiction or this action will be dismissed.  Defendants shall have the right to renew their motion to dismiss within 21 days after service of the amended complaint or within 21 days after the deadline for amendment expires without an amendment being filed.


IT IS SO ORDERED, this 31st day of August, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA